UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

RUFUS L. SPEARMAN,

              Plaintiff,           Civil Action No. 20-cv-11558
                                               Honorable Arthur J. Tarnow
      v.                             Magistrate Judge David R. Grand

DANIEL H. HEYNS, *et al*.,

              Defendants.

_____/

### REPORT AND RECOMMENDATION TO GRANT DEFENDANT MARK MACHULIS'S MOTION FOR SUMMARY JUDGMENT (ECF No. 6)

On January 26, 2015, Plaintiff Rufus Spearman ("Spearman"), an incarcerated person, brought this action pursuant to 42 U.S.C. § 1983 against fifty-nine defendants, seeking relief for alleged sexual harassment and sexual assault, retaliation, physical abuse and deprivation of rights under the First, Eighth and Fourteenth Amendments. *Spearman v. Heyns*, 15-cv-00015 (W.D. Mich. 2005) (ECF Nos. 1, 11.) The only remaining claim, after dispositive motions and an appeal to the Sixth Circuit, is Spearman's First Amendment retaliation claim against Defendant Mark Machulis ("Machulis"). (ECF No. 6, PageID.35.)

Before the Court is Machulis's motion for summary judgment. (ECF No. 6.) The motion is fully briefed. (ECF Nos. 6, 13, 18.) Generally, the Court will not hold a hearing on a motion in a civil case in which a party is in custody. *See* E.D. Mich. LR 7.1(f). The facts and legal issues are adequately presented in the briefs and on the record, and the Court declines to order a hearing.

**I.**      RECOMMENDATION

For the reasons discussed below, it is **RECOMMENDED** that Machulis's motion for summary judgment **(ECF No. 6)** be **GRANTED**.

1

II. REPORT

A. Background

According to a Misconduct Report issued against Spearman, on March 5, 2012, he appeared at the Quartermaster window at the Saginaw Correctional Facility, where Quartermaster Machulis was working, insisting that he receive a pair of pants with belt loops. (ECF No. 6-2, PageID.60.) Machulis told Spearman that he would not issue pants with belt loops, but, rather, a "serviceable pair of pants in his size." (*Id*.) Spearman became very upset, stating, "I'll come in and get them myself you punk bitch." (*Id*.) Spearman then entered the Quartermaster room through a back door and started pulling pants out of a pile on the floor. (*Id*.) Machulis gave Spearman a direct order to leave. (*Id*.) Although Spearman left the room, he came back to the window, yelling at Machulis and threatening him, stating, "bitch, next time I come through that fucking door I am going to beat your bitch ass you blue eyed devil bitch." (*Id*.)

On that same day, Machulis completed a Misconduct Report regarding the incident, classifying Spearman's actions as three separate misconduct charges: threatening behavior, insolence, and being out of place. (*Id*.) MDOC Policy Directive (PD) 03.03.105 governed prisoner discipline for violations of prison rules at the time of this incident. (ECF No. 6-3.) Under this policy, Machulis classified Spearman's three separate misconduct charges as major misconduct offenses. (ECF No. 6-3, PageID.63-64.) MDOC PD 03.03.105 mandates temporary segregation or top lock pending a hearing for major misconduct offenses. (*Id*.)

Also on that same day, Spearman alleges he returned to his unit to phone the United States Department of Justice, and initiate a complaint under the Civil Rights of Institutionalized Person's Act. (ECF No. 6, PageID.36.) Spearman alleges that Machulis harassed him in the above-detailed incident, rather than the other way around. (*Id*.) Spearman further claims another officer interrupted the call, in

2

which he was reporting the alleged harassment, and told him to return to his cell.  (*Id.*)  Thereafter, MDOC placed Spearman in segregation where he later received Machulis's Misconduct Report.  (*Id.*)

On March 12, 2012, MDOC held a Major Misconduct Hearing, but Spearman chose not to attend.  (ECF No. 6-4, PageID.81.)  Hearing Officer Groat entered a not guilty plea on Spearman's behalf.  (*Id.*)  Hearing Officer Groat found Spearman guilty of two of the three counts pending in the Misconduct Report, including threatening behavior and being out of place.  (*Id.*)  Hearing Officer Groat dismissed the charge of insolence based on redundancy.  (*Id.*)  Hearing Officer Groat considered the following evidence:  "the misconduct report; a statement from the prisoner to the investigator; and a statement from a QMHP indicating that [Spearman] was responsible for his behavior at the time of this incident."  (*Id.*)  Hearing Officer Groat gave Spearman 30 days of detention and 30 days loss of privileges.  (*Id.*)

On March 14, 2012, Spearman filed a grievance indicating that MDOC failed to provide his legal material to him in segregation.  *Spearman v. Heyns*, 15-cv-00015 (W.D. Mich. 2005) (ECF No. 11, PageID.30-47.)  MDOC denied this grievance through Step III.  (*Id.*)  On April 18, 2012, MDOC transferred Spearman to Alger Correctional Facility due to space constraints.  (ECF No. 6-5, PageID.83.)

### B.     Standard of Review

Federal Rule of Civil Procedure 56 provides: "The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011).  A fact is material if it might affect the outcome of the case under governing law.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In determining whether a genuine issue of material fact exists, the court assumes the truth of the

non-moving party's evidence and construes all reasonable inferences from that evidence in the light most favorable to the non-moving party. *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). "[T]hat burden may [also] be discharged by showing ... that there is an absence of evidence to support the nonmoving party's case." *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005) (internal quotation marks omitted). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.,* 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)). In response to a summary judgment motion, the opposing party may not rest on its pleadings, nor "'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander*, 576 F.3d at 558 (quoting *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir. 1989)). Indeed, "'[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion.'" *Id*. (quoting *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009)). "Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment." *Id*. at 560 (citing *Lewis v. Philip Morris, Inc.*, 355 F.3d 515, 533 (6th Cir. 2004)).

C. **Analysis**

Machulis moves for summary judgment on several grounds: Spearman's failure to raise a dispute as to any genuine issue of material fact to support his prima facie case of First Amendment retaliation; Machulis's legitimate, non-retaliatory reason for writing the Misconduct Report; collateral estoppel;

failure to exhaust administrative remedies; and qualified immunity. (ECF No. 6.) Spearman counters that Machulis is time barred from raising the exhaustion and collateral estoppel defenses. (ECF No. 13, PageID.133-136.) Spearman also argues that several disputed facts remain with respect to causation. (ECF No. 13, PageID.127-133.) While the Court need not address all the asserted grounds for dismissal, for the reasons discussed below, this Court finds that Machulis is entitled to summary judgment based on failure to exhaust, collateral estoppel and Spearman's inability to establish a prima facie case of retaliation.

   1.   *Spearman failed to exhaust his administrative remedies with regard to Defendant Machulis*

Under 42 U.S.C. § 1997e(a), a prison inmate cannot maintain a civil rights action with respect to prison conditions brought under any federal law if he did not first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 219 (2007). The administrative process applicable to Spearman's allegations is governed by MDOC Policy Directive 03.02.130 "Prisoner/Parolee Grievances." (ECF No. 6-7.) Policy Directive 03.02.130 states that "[t]he issues should be stated briefly but concisely... Dates, times, places, and **names** of all those involved in the issue being grieved are to be included." (ECF No. 6-7, PageID.96.) (emphasis added); *see also Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (the Sixth Circuit has specifically noted that "[u]nder the Department of Corrections' procedural rules, inmates must include the '[d]ates, times, places and **names** of all those involved in the issue being grieved' in their initial grievance.") (emphasis added).

Spearman filed grievance SRF-12-03-0368-22G relative to the events giving rise to this case.

*Spearman v. Heyns*, 15-cv-00015 (W.D. Mich. 2005) (ECF Nos. 11, 20.) He complains that MDOC placed him in temporary segregation, "based upon a fabricated charge of threatening behavior." (*Id*.). He then goes on to state:

> The following day I requested access to my property to retrieve allowable state and personal property, and legal materials/documents. I was told by prison officials that I could not possess various items, even though the requested items are permitted. I was further informed by prison officials that I had to engage in a process to receive requested items, that is not outlined in Policy Directive Segregation Standards, and therefore is unapproved.

(*Id*.).

This grievance does not serve to properly exhaust Spearman's First Amendment retaliation claim against Machulis. Contrary to the MDOC's policy requiring the grievant to identify the person or persons being grieved, and to concisely state the issues being grieved, Spearman did not name Machulis in this grievance, and did not include any facts related to his protected conduct under the First Amendment; namely his alleged phone call to the Department of Justice. *Spearman v. Heyns*, 15-cv-00015 (W.D. Mich. 2005) (ECF No. 20.) In short, a prison official reviewing Spearman's grievance would have had no indication that the grievance involved Machulis, a call to the Department of Justice, or a First Amendment retaliation claim. (*Id*.) Spearman's Step II and Step III appeals have the same defects. *Spearman v. Heyns*, 15-cv-00015 (W.D. Mich. 2005) (ECF No. 20.)

In attempting to counter Machulis's argument, Spearman asks, "If the Defendants believe I failed to include information necessary for them to investigate my grievance . . . why did they address the merits of my grievance at all these steps of the MDOC's grievance process, rather than reject the grievance . . .?" (ECF No. 12, PageID.120.) It is true that, "[w]hen the state fails to follow its own procedural rules and instead decides a grievance on its merits, it waives the argument that the grievance was not properly exhausted." *Colen v. Corizon Med. Servs.*, No. CV 14-12948, 2017 WL 8683318, at

\*5 (E.D. Mich. Aug. 15, 2017) (citing *Reed Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010)). That principle is inapplicable here however because the fact that the MDOC investigated the *issues raised* in the grievance does not mean it failed to follow its own rules as to issues Spearman *did not raise*. Under Spearman's logic, as long as a grievant raised a single issue and the MDOC investigated it, the grievant could argue that issues not raised were exhausted because the MDOC addressed the grievance on its merits. Such an argument makes no sense and would frustrate the PLRA's purpose and the MDOC's policy regarding the proper exhaustion of grievances. It is only by specifying the persons involved and the issues grieved that the grievant's complaints can be properly investigated.

Spearman's vague timeliness argument also fails. He seems to be arguing that Machulis waived the exhaustion affirmative defense by raising it after the close of discovery. Failure to exhaust is an affirmative defense that must be raised by a defendant, and on which the defendant bears the burden of proof. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Vandiver v. Corr. Med. Servs., Inc.*, 326 F. App'x 885, 888 (6th Cir. 2009). Like all affirmative defenses, a defendant's reliance on the PLRA exhaustion requirement can be waived if not raised in his first responsive pleading. *See Colton v. Scutt*, No. 10-CV-13073, 2011 WL 6090152, at \*2 (E.D. Mich. Dec. 7, 2011) (citing *Johnson v. Testman*, 380 F.3d 691, 695 (2d Cir.2004)). Under the PLRA, 42 U.S.C. § 1997e(g)(1), "[a]ny defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 ..." A review of the docket in this case (ECF No. 5) indicates that Machulis chose not to file an answer to Spearman's complaint, as was his right under the PLRA. Thus, Machulis's instant motion for summary judgment constitutes his first responsive pleading. Since he raised the affirmative defense of exhaustion in that filing, he did so timely. *See Fegans v. Johnson*, No. CIVA H-09-4019, 2010 WL 1425766, at \*7 (S.D. Tex. Apr. 8, 2010) ("Because Dr. Johnson's pending motion to dismiss, which the court has converted to a motion for summary judgment, is the

first responsive pleading that Dr. Johnson has filed to the Plaintiff's First Amended Original Complaint, the court concludes that Dr. Johnson has timely asserted and not waived the plaintiff's failure to exhaust his administrative remedies as an affirmative defense.").

In sum, because Spearman failed to properly exhaust his claim of retaliation against Machulis, and because Machulis timely raised that affirmative defense, Machulis is entitled to summary judgment.

2. *Spearman's retaliation claim is barred by collateral estoppel*

Spearman's retaliation claim also fails due to the doctrine of collateral estoppel. Although the Sixth Circuit has "rejected the 'checkmate doctrine' as an absolute bar on a retaliation claim, *Briscoe v. Mohr*, No. 19-3306, 2020 WL 1813660, at *3 (6th Cir. Mar. 16, 2020) (citing *Maben v. Thelen*, 887 F.3d 252, 262 (6th Cir. 2018), it has held that "guilt of misconduct may be relevant evidence against a retaliation claim on summary judgment" – the stage at which this case presently sits. *Id.*

In order for the finding of guilt to have preclusive effect, three requirements must be met: (1) the state agency "act[ed] in a 'judicial capacity;'" (2) the hearing officer "resolved a disputed issue of fact that was properly before it;" and (3) the prisoner "had an adequate opportunity to litigate the factual dispute." *Maben v. Thelen*, 887 F.3d 252, 259 (6th Cir. 2018) (quoting *Peterson v. Johnson*, 714 F.3d 905, 911-13 (6th Cir. 2013)). If these three requirements are met, the Court must "give the agency's finding of fact the same preclusive effect it would be given in state courts." *Id*.

A state agency "acts in a judicial capacity when it hears evidence, gives the parties an opportunity to brief and argue their versions of the facts, and gives the parties an opportunity to seek court review of any adverse findings." *Peterson*, 714 F.3d at 912 (quoting *Herrera v. Churchill McGee, LLC*, 680 F.3d 539, 547 (6th Cir. 2012)). During the hearing on Spearman's major misconduct charge, Hearing Officer Groat, an attorney employed by the State of Michigan, acted in a judicial capacity by

8

considering the evidence and making concrete findings of fact. (ECF No. 6-4, PageID.81.) Hearing Officer Groat evaluated evidence including, the Misconduct Report, a statement from Spearman, and a statement from a staff member that indicated Spearman was responsible for his behavior at the time of the incident. (*Id*.) In addition, he gave Spearman the opportunity to argue his version of facts and seek review of any adverse findings, but Spearman declined these opportunities. (*Id*.) Moreover, if Spearman had participated in his hearing and appealed, his appeal could have been subject to direct review in state court. *See* M.C.L.§ 791.255. As such, the first element of the collateral estoppel element is satisfied.

Second, Hearing Officer Groat resolved issues of fact that were properly before him:

> I find that prisoner Spearman was upset with the Quartermaster over some pants. I find that prisoner went through the door at the Quartermaster's room without staff authorization in search of some pants that he felt were suitable. I find that when he walked through that door he was out of place. I find he was in an area of the prison without having proper authorization to be there. I find that he stated to the Quartermaster "…next time I come through that fucking door I'm going to beat your bitch ass…" I find that his words and actions express intent to physically injure or abuse another person.

(*Id*.)

Third, as stated above, Hearing Officer Groat gave Spearman the opportunity to present his own defense. (ECF No. 6-4, PageID.81.) Spearman could have challenged the Misconduct Report in the hearing, but he refused to appear, thereby voluntarily waiving his ability to assert any defenses. (*Id*.) Spearman also could have utilized the appellate procedures and state court review available to him, but he also failed to avail himself of those opportunities. (*Id*.) Spearman has not presented any evidence sufficient to create a triable issue of fact as to any of the foregoing, and his own failure to participate in his hearing does not render the hearing procedurally inadequate. *See Peterson*, 714 F.3d at 916 (The results of a plaintiff's failure to avail himself of appellate remedies cannot be "considered proof that the procedures themselves were somehow inadequate.").

Therefore, because Hearing Officer Groat acted in a judicial capacity, determined issues of fact, and provided Spearman an opportunity to participate, his finding of guilt has preclusive effect at the summary judgment stage of this collateral civil action. *See Peterson, supra*. Moreover, Spearman's timeliness argument fails for the same reason explained about with respect to his challenge to the timeliness of Machulis' exhaustion challenge. As such, Machulis is entitled to summary judgment on Spearman's retaliation claim based on an allegedly false Misconduct Report.

> 3. *Spearman failed to establish a disputed issue of material fact in support of his claim of retaliation against Machulis*

Spearman's retaliation claim also fails because he failed to come forth with sufficient evidence to raise a material question of fact as to his prima facie case.

To establish a prima facie case of First Amendment retaliation, Spearman must prove the following three elements: (1) he participated in constitutionally-protected activity; (2) Machulis took an adverse action against him that was "likely to chill a person of ordinary firmness" from engaging in the protected conduct; and (3) there is a causal connection between elements one and two – that is, "that the adverse action was motivated at least in part by the plaintiff's protected conduct." *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 255 (6th Cir. 2006) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc)).

> a. *Protected Conduct*

Here, Spearman alleges that he engaged in the protected conduct of calling the Department of Justice immediately upon returning to his unit after his interaction with Machulis. *Spearman v. Heyns*, 15-cv-00015 (W.D. Mich. 2005) (ECF Nos. 11.) While Spearman submits only his own testimony to support this fact (ECF No. 13), at the summary judgment stage, it must be accepted as true. *See Spence*

*v. Washington*, 418 U.S. 405, 409 (1974). Therefore, Spearman has at least raised a question of fact that he engaged in protected conduct under the First Amendment.

    b.    *Adverse Action*

Spearman alleges that the adverse action supporting his claim was Machulis's Misconduct Report. (ECF No. 13.) This Court has already held that the District Court should bar this claim pursuant to collateral estoppel. If it were not barred by collateral estoppel, however, contrary to Machulis's argument, Spearman could use this Misconduct Report to support the second element of his prima facie case.

Adverse action is action "likely to chill a person of ordinary firmness" from engaging in the protected conduct. *See Thaddeus-X*, 175 F.3d at 396. The Sixth Circuit has held, "'[i]n the prison context, an action comparable to transfer to administrative segregation would certainly be adverse.'" *Smith v. Yarrow*, 78 Fed.Appx.529, 540 (6th Cir. 2003) (quoting *Thaddeus-X*, 175 F.3d at 396, and citing *Hall v. Nusholtz*, 234 F.3d 1268 (Table), 2000 WL 1679458, at *2 (6th Cir. Nov. 1, 2000)). "[T]he adverse act alone does not have to be violative of the Constitution because section 1983 permits suits based on adverse action taken against an individual in response to a constitutionally protected activity." *Diaz-Cruz v. Symons*, No. 1:11-CV-1302, 2016 WL 6248025, at *15 (M.D. Pa. Oct. 26, 2016). In short, taking the evidence presented by Spearman as true, Machulis's alleged conduct would likely deter a person of ordinary firmness from exercising his First Amendment rights in the future. Accordingly, if the claim was not barred by collateral estoppel, Spearman would have established a genuine issue of material fact as to the adverse action prong of his First Amendment retaliation claim.

    c.    *Causal Connection*

Spearman alleges causation based on the chronology of events and an unsupported assertion that an unnamed prisoner told Machulis that Spearman worked as a clerk in the law library. (ECF No. 13,

PageID.129-130.)  The Court agrees with Machulis that these allegations fail to carry Spearman's burden on prong three of his prima facie case.

First, temporal proximity between the alleged adverse action and the protected conduct, without more, is generally insufficient to establish the causal connection element of a First Amendment retaliation claim.  *Skinner v. Bolden*, 89 F. App'x 579, 579–80 (6th Cir. 2004) ("Without more, however, his conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive."); *Nguyen v. City of Cleveland*, 229 F.3d 559, 566 (6th Cir. 2000) ("[W]e rejected the proposition that temporal proximity is enough" to establish a causal connection.).  While "'the temporal proximity between [the protected action] and the adverse action might provide some circumstantial support for a causal connection,' [courts] have been reluctant to find that such evidence without more can demonstrate 'that the [protected action] was a substantial or motivating factor.'"  *Holzemer v. City of Memphis*, 621 F.3d 512, 526 (6th Cir. 2010) (citing *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir.2001)) (punctuation altered).  Thus, Spearman must provide more than simply a "close in time" argument to meet his burden of showing a causal connection.  *Id*.

But, the only other information proffered by Spearman is an alleged statement from an unnamed prisoner, who he claims told Machulis that Spearman worked as a prisoner clerk in the law library.  *Spearman v. Heyns*, 15-cv-00015 (W.D. Mich. 2005)(ECF No. 11 at PageID.86.)  Spearman relies upon this statement to support the proposition that this knowledge motivated Machulis to retaliate against him and write the Misconduct Report. (ECF No. 13.)  None of this helps Spearman to meet his evidentiary burden at the summary judgment stage.  The statement of the unknown prisoner is hearsay.  Fed. R. Evid. 602 and 801.  And, even if the prisoner advised Machulis of Spearman's clerk position, it is pure speculation that Machulis' knowledge of that information motivated him to engage in any conduct, let alone the specific conduct alleged by Spearman.  Spearman also fails to show how his work as a

prisoner law clerk in anyway imputes knowledge to Machulis of Spearman's alleged protected conduct of calling the Department of Justice immediately after his encounter at the Quartermaster window.

To that point, Spearman cannot establish the causal connection element of his prima face case if the decision-maker was unaware of any protected conduct. *Hopkins v. Canton City Bd. of Educ.*, 477 F. App'x 349, 361–62 (6th Cir. 2012) (noting that an "[employer] cannot retaliate by adverse employment action . . . when it does not realize that an opportunity to do so exists"); *see also Ambrose v. Twp. of Robinson, Pa.*, 303 F.3d 488, 493 (3rd Cir. 2002) (explaining that "for protected conduct to be a substantial or motiving factor in a decision, the decisionmakers must be aware of the protected conduct").

Here, Spearman provides a chronology of events starting with his alleged telephone call to the U.S. Department of Justice and ending with the issuance of the Misconduct Report. (ECF No. 13.) However, Spearman fails to bring any other evidence to show that Machulis even knew about his alleged call, let alone that the alleged call was a motivating factor for the Misconduct Report. (ECF No. 13.) Spearman speculates that his phone call must have been interrupted by another officer because someone in the prison's control center monitored the call to prevent him from filing a complaint, and then that unknown person must have told Defendant Machulis. (*Id.*) And, then, Machulis must have written the Misconduct Report thereafter. (*Id.*) This unsupported speculation is not enough to raise a material question of fact as to causation. *See Anderson, supra*.

For all of the foregoing reasons, summary judgment is warranted in Machulis's favor.[1] Moreover, because this is the last remaining claim in Spearman's complaint, dismissal is appropriate.

---

[1] Even if there were a disputed fact regarding the causation element of Spearman's prima facie case, Spearman's claim would still fail because Machulis had a legitimate, non-discriminatory reason for writing a Misconduct Report against Spearman – namely, his misconduct (ECF No. 6-2) – and Spearman has not created a disputed fact to show that this reason is pretext. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

### III. CONCLUSION

For the reasons discussed above, it is **RECOMMENDED** that Machulis's motion for summary judgment **(ECF No. 6)** be **GRANTED,** and this case be **DISMISSED** in its entirety.

Dated: September 14, 2020  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
 United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. L.R. 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail

addresses disclosed on the Notice of Electronic Filing on September 14, 2020.

s/Eddrey O. Butts  
EDDREY O. BUTTS  
Case Manager
