UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUFUS SPEARMAN,

        Plaintiff,

        v.

MARK MACHULIS, SR.,

        Defendant.

Case No. 20-11558

SENIOR UNITED STATES DISTRICT
JUDGE ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
DAVID R. GRAND

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION [19]; OVERRULING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION [22]; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [6]**

Plaintiff Rufus Spearman filed this prisoner civil rights action on January 26, 2015 alleging sexual harassment and sexual assault, retaliation, physical abuse and deprivation of rights under the First, Eighth, and Fourteenth Amendments against fifty-nine defendants. *Spearman v. Heyns*, No. 15-cv-00015 (W.D. Mich. 2015), (ECF No. 1, 11). Plaintiff's only remaining claim is a First Amendment retaliation claim against Defendant Mark Machulis. On June 17, 2020, Defendant filed a Motion for Summary Judgment [6]. Plaintiff filed a Response [13] on July 6, 2020. Defendant filed a Reply [18] on August 14, 2020. On September 14, 2020, the

Magistrate Judge issued a Report and Recommendation ("R&R") [19] recommending that the Court grant Defendant's motion. Plaintiff filed Objections [22] to the R&R on November 2, 2020. Defendant filed a Response [24] on November 30, 2020. Plaintiff filed a Reply [26] on December 10, 2020.

For the reasons stated below, the R&R [19] is **ADOPTED**; Plaintiff's Objections [22] are **OVERRULED**; and Defendant's Motion for Summary Judgment [6] is **GRANTED**.

### FACTUAL AND PROCEDURAL BACKGROUND

The Court adopts the facts of this case as set forth in the R&R:

According to a Misconduct Report issued against Spearman, on March 5, 2012, he appeared at the Quartermaster window at the Saginaw Correctional Facility, where Quartermaster Machulis was working, insisting that he receive a pair of pants with belt loops. (ECF No. 6-2, PageID.60.) Machulis told Spearman that he would not issue pants with belt loops, but, rather, a "serviceable pair of pants in his size." (*Id*.) Spearman became very upset, stating, "I'll come in and get them myself you punk bitch." (*Id*.) Spearman then entered the Quartermaster room through a back door and started pulling pants out of a pile on the floor. (*Id*.) Machulis gave Spearman a direct order to leave. (*Id*.) Although Spearman left the room, he came back to the window, yelling at Machulis and threatening him, stating, "bitch, next time I come through that fucking door I am going to beat your bitch ass you blue eyed devil bitch." (*Id*.)

On that same day, Machulis completed a Misconduct Report regarding the incident, classifying Spearman's actions as three separate misconduct charges: threatening behavior, insolence, and being out of place. (*Id*.) MDOC Policy Directive (PD) 03.03.105 governed prisoner discipline for violations of prison rules at the time of this incident. (ECF

No. 6-3.) Under this policy, Machulis classified Spearman's three separate misconduct charges as major misconduct offenses. (ECF No. 6-3, PageID.63-64.) MDOC PD 03.03.105 mandates temporary segregation or top lock pending a hearing for major misconduct offenses. (*Id*.)

Also on that same day, Spearman alleges he returned to his unit to phone the United States Department of Justice, and initiate a complaint under the Civil Rights of Institutionalized Person's Act. (ECF No. 6, PageID.36.) Spearman alleges that Machulis harassed him in the above-detailed incident, rather than the other way around. (*Id*.) Spearman further claims another officer interrupted the call, in which he was reporting the alleged harassment, and told him to return to his cell. (*Id*.) Thereafter, MDOC placed Spearman in segregation where he later received Machulis's Misconduct Report. (*Id*.)

On March 12, 2012, MDOC held a Major Misconduct Hearing, but Spearman chose not to attend. (ECF No. 6-4, PageID.81.) Hearing Officer Groat entered a not guilty plea on Spearman's behalf. (*Id*.) Hearing Officer Groat found Spearman guilty of two of the three counts pending in the Misconduct Report, including threatening behavior and being out of place. (*Id*.) Hearing Officer Groat dismissed the charge of insolence based on redundancy. (*Id*.) Hearing Officer Groat considered the following evidence: "the misconduct report; a statement from the prisoner to the investigator; and a statement from a QMHP indicating that [Spearman] was responsible for his behavior at the time of this incident." (*Id*.) Hearing Officer Groat gave Spearman 30 days of detention and 30 days loss of privileges. (*Id*.)

On March 14, 2012, Spearman filed a grievance indicating that MDOC failed to provide his legal material to him in segregation. *Spearman v. Heyns*, 15-cv-00015 (W.D. Mich. 2005) (ECF No. 11, PageID.30-47.) MDOC denied this grievance through Step III. (*Id*.) On April 18, 2012, MDOC transferred Spearman to Alger Correctional Facility due to space constraints. (ECF No. 6-5, PageID.83.)

## STANDARD OF REVIEW

The Court's review of objections to a Magistrate Judge's R&R on a dispositive motion is *de novo*. 28 U.S.C. § 636(b)(1)(c). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed in error' are too general." *Novak v. Prison Health Services, Inc.*, No. 13-11065, 2014 WL 988942, at *3 (E.D. Mich. Mar. 13, 2014) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Ordinarily, objections that lack specificity do not receive *de novo* review. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). In addition, the Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. FED. R. CIV. P. 72 (b)(3).

A party is entitled to summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Additionally, the Court views all of the facts in the light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Anderson*, 477 U.S. at 255.

## ANALYSIS

**Objection 1:** Plaintiff objects to the Magistrate Judge's "finding that [Plaintiff] failed to properly exhaust [his] administrative remedies, and that Machulis timely raised the affirmative defense of proper exhaustion." (ECF No. 22, PageID.226).

The Magistrate Judge concludes that Plaintiff failed to exhaust his administrative remedies with regard to Defendant Machulis, because neither Machulis nor Plaintiff's retaliation claim are mentioned in his grievances. Plaintiff objects and asserts that he was deterred from specifically naming Defendant for fear of further retaliation, that he explained the details of his grievance during an interview, and that, because the grievance was not rejected for being vague, Defendant has waived this argument. Upon review of the grievances in question, the Court finds that Plaintiff did not properly grieve his retaliation claim. Objection one is overruled.

The Prison Litigation Reform Act (PLRA) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a). The Supreme Court has identified two purposes behind the PLRA exhaustion requirement: 1) to give the "agency an opportunity to correct it[s] own

mistakes;" and 2) to promote efficiency. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Though failure to exhaust such remedies is not a jurisdictional bar to filing suit, when raised as an affirmative defense it is grounds for dismissal. *Jones v. Bock*, 549 U.S. 199, 212 (2007); *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). There are no federal requirements for exhaustion; for a prisoner to exhaust his remedies, he must follow the grievance procedures put forward by the correctional institution. *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017).

Here, the MDOC grievance policy states that a grievant must provide "the facts involving the issue being grieved (i.e., who, what, when, where, why, how). [And] [d]ates, times, places, and names of all those involved in the issue being grieved are to be included." (ECF No. 6-7, PageID.96). Plaintiff's grievance, however, fails to mention Defendant by name and the protected activity that he alleges Defendant retaliated against. In fact, the only allegation relevant to Plaintiff's retaliation claim comes in the first sentence of the grievance: "[o]n or about Monday, March 5, 2012, I . . . was placed in temporary segregation based upon a fabricated charge of 'threatening behavior." *Spearman v. Heyns*, No. 15-cv-00015 (W.D. Mich. 2005), (ECF No. 20, PageID.228). The rest of the grievance form alleges that he was denied personal property and legal material while in segregation. (*Id.*). He

makes no mention of his alleged call to the Department of Justice, or any other protected activity that was retaliated against with a "fabricated charge" (*Id.*).

In response, Plaintiff argues that Defendant waived the exhaustion argument, because the MDOC failed to reject the grievance for vagueness and instead decided it on the merits. It is true that our circuit recognizes that when the prison decides an inmate's claim on the merits although it was not properly exhausted, an argument for dismissal for failure to exhaust is a nonstarter. *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010) ("[T]he State's decision to review a claim on the merits gives us a warrant to do so as well, even when a procedural default might otherwise have resolved the claim."). However, this rule is inapplicable here.

The gravamen of Plaintiff's grievance, as further evidenced by his appeals at step II and step III, was his lack of access to personal property and legal materials, not retaliation. *Spearman v. Heyns*, No. 15-cv-00015 (W.D. Mich. 2005), (ECF No. 20, PageID.228-41). In fact, Plaintiff never again mentions his misconduct ticket after the first sentence of his first grievance at step I. His subsequent appeals only mention the conditions of his segregation, not what brought him there. (*Id.*). Accordingly, the MDOC did not, and never had the opportunity to, address Plaintiff's retaliation claim administratively. Applying the rule outlined in *Reed-Bey* to this case would defy the purpose of the rule itself: to "allow prison officials 'a fair

opportunity' to address grievances on the merits." *Reed-Bey*, 603 F.3d at 324. Plaintiff failed to properly exhaust his retaliation claim.

To the extent that Plaintiff additionally objects to the Magistrate Judge's finding that Defendant timely raised his affirmative defense, this objection is also overruled. As the Magistrate Judge notes, Defendant timely raised his exhaustion defense in his first responsive pleading, which here was his motion for summary judgment. Objection one is overruled.

**Objection 2:** Plaintiff objects to the Magistrate Judge's "finding that [his] retaliation claim is barred by the doctrine of collateral estoppel." (ECF No. 22, PageID.231).

"[W]hen a state agency acting in a judicial capacity resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts." *Peterson v. Johnson*, 714 F.3d 905, 912 (6th Cir. 2013) (citing *University of Tennessee v. Elliott*, 478 U.S. 788, 799 (1986)). In order for a major misconduct hearing in prison to have preclusive effect, three elements must be satisfied: (1) "the agency must have been acting in a 'judicial capacity,'" (2) the hearing officer must resolve "a disputed issue[ ] of fact that was properly before it," and (3) the petitioner had "an adequate opportunity to litigate the

factual dispute." *Peterson*, 714 F.3d at 913 (internal quotations and citation omitted). Here, Plaintiff challenges the last element.

Plaintiff argues that he did not have an adequate opportunity to litigate, because the prison withheld his legal materials from him while he was in segregation. The Court is not persuaded by this argument. First, Plaintiff failed to raise this argument during the briefing of Defendant's motion, preventing the Magistrate Judge from addressing it. Second, although Plaintiff claims he did not have the legal material to present a more informed defense, regardless, under relevant case law, he was still provided with an adequate opportunity to litigate and yet failed to do so. *See Robinson v. Knack*, No. 2:18-CV-009, 2019 WL 10301655, at *8 (W.D. Mich. Dec. 27, 2019), *report and recommendation adopted*, No. 2:18-CV-9, 2020 WL 2519842 (W.D. Mich. May 18, 2020) (finding that petitioner had an opportunity to litigate this issue, because he "was read the misconduct ticket[,] was confronted with the evidence against him[,] had the chance to present evidence and argument to the hearing officer[,] also had the opportunity to appeal the finding.").

Despite having the opportunity to appear and testify at the hearing and appeal the hearing officer's finding even up to the state court, Plaintiff declined. He did, however, make a statement which the hearing officer considered in their findings. (ECF No. 6-4, PageID.81). Under *Peterson*, Plaintiff's failure to use the available procedures cannot "be considered proof that the procedures themselves were somehow inadequate." *Peterson*, 714 F.3d at 916. Objection two is overruled.

**Objection 3:** "Genuine dispute of whether there is sufficient evidence to infer Defendant Machulis knew of my protected conduct." (ECF No. 22, PageID.237).

To show retaliation, Plaintiff has the burden of proving three elements:

(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Although Plaintiff's adverse action is barred by collateral estoppel, the Magistrate Judge found that Plaintiff's retaliation claim also fails, because he has not shown a genuine dispute of fact as to causal connection. Plaintiff objects to this finding and claims to show sufficient evidence that Defendant Machulis knew of his protected conduct.

Recognizing the difficulty of proving an official's retaliatory motive with direct evidence, the Sixth Circuit has stated that circumstantial evidence will suffice.

*Hill v. Lappin*, 630 F.3d 468, 475 (6th Cir. 2010). Examples of circumstantial evidence include the timing of events and disparate treatment of similarly situated individuals. *Thaddeus-X v. Blatter*, 175 F.3d at 399. Plaintiff here alleges temporal proximity between his interrupted call to the DOJ and his misconduct ticket, but "often evidence in addition to temporal proximity cases is required." *Holzemer v. City of Memphis*, 621 F.3d 512, 526 (6th Cir. 2010). "In analyzing the facts in temporal proximity cases, [the Sixth Circuit has] always looked at the totality of the circumstances to determine whether an inference of retaliatory motive can be drawn." *Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 401 (6th Cir. 2010).

Plaintiff claims that he identifies circumstantial evidence of the following material questions of fact: "(1) Why did Defendant Machulis fail to follow department policy or procedure, and his training, and not call for assistance at the time I allegedly threatened him?; (2) Why was I restrained and transferred to segregation immediately following my complaint to the justice department, rather than at the time of the alleged threatening behavior incident?" (ECF No. 22, PageID.238). However, Plaintiff merely raises these questions and fails to point to answers, other than pure speculation, that a reasonable jury could believe. Namely, Plaintiff fails to explain how the fact that an unnamed inmate told Defendant that he

Page **11** of **12**

worked as a clerk in the law library imputed knowledge Plaintiff's protected conduct. Objection three is therefore overruled.

## CONCLUSION

For the reasons stated above, the R&R [19] is **ADOPTED**; Plaintiff's Objections [22] are **OVERULLED**; and Defendant's Motion for Summary Judgment [6] is **GRANTED**. This ruling has the effect of dismissing Defendant Machulis and dismissing the case.

Accordingly,

**IT IS ORDERED** that the R&R [19] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objections [22] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [6] is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **CLOSED.**

**SO ORDERED**.

Dated: March 31, 2021

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge